**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

99.5912

---

**PERIODONTAL ASSOCIATES OF**
**MEMPHIS, P.C.**

    **PLAINTIFF,**

**VS.**                                                  NO. _____

**LIBERTY MUTUAL INSURANCE**
**COMPANY,**

    **DEFENDANT.**

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND BAD FAITH DAMAGES

---

Plaintiff, Periodontal Associates of Memphis, and as its Complaint for Declaratory Judgment against Defendant, Liberty Mutual Insurance Company, alleges and states as follows:

**1.**

Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

**2.**

Plaintiff, Periodontal Associates of Memphis ("PAM"), is a professional corporation organized under the laws of the State of Tennessee, with its principal place of business in Memphis, Tennessee.

**3.**

Defendant, Liberty Mutual Insurance Company ("LM"), is a Massachusetts corporation with its principal place of business in Boston, Massachusetts and is authorized by the Tennessee

Commissioner of Insurance to engage in the business of writing and selling insurance in the State of Tennessee.  Service may be obtained through the Tennessee Commissioner of Insurance.

**4.**

A true and correct copy of the insurance policy is attached to this Complaint as Exhibit "A".

**5.**

Diversity jurisdiction exists because: (a) there is complete diversity and citizenship between PAM and LM, and (b) the amount in controversy, including the potential costs of the cause of action, exceeds $75,000.

**6.**

Venue is appropriate under 28 U.S.C. § 1391 because PAM's principal place of business is in Tennessee and the events concerning the contractual/coverage dispute between PAM and LM occurred in Tennessee.  The insurance contract at issue and the events relevant to coverage occurred in Tennessee.

## THE LIBERTY MUTUAL INSURANCE POLICY

**7.**

LM issued Policy Number BOP8552307 effective from November 19, 2014 to November 19, 2015.   The policy is a contract for insurance.

**8.**

The policy contains the following insuring agreement and definitions:

**A.**      **Coverage**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

2

1.      **Covered Property**

Covered property includes Buildings as described under Paragraph **a.** below, Business Personal Property as described under Paragraph **b.** below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property.  Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph **2.** Property Not Covered

b.      **Business Personal Property** located in or on the buildings at the described premises or in the open (or in a vehicle) within 1,000 feet of the described premises, including:

(1)  Property that you own that is used in your business;…

3.      **Covered Causes of Loss**

Risks of direct physical loss unless the loss is:

a.  Excluded in Paragraph **B.**, Exclusions in SECTION I; or
b.  Limited in Paragraph **4.**, Limitations in SECTION I;

H.      **Property Definitions**
13.      "Valuable papers and records" means:

b.      "Electronic media and records"

*****

With respect to "electronic media and records", which is included within the meaning of "valuable papers and records", the Commercial Protector Coverage Form 44-115 06 04 includes the following:

Included in your policy is **5.  Additional Coverages** which states:

q.      **Equipment Breakdown**

(1)      We will pay for direct physical damage to Covered Property that is the direct result of an "accident."  As used in the Additional Coverage, "accident" means a fortuitous event that causes direct physical damage to "covered equipment."  The event must one of the following:

(a)      mechanical breakdown, including rupture or bursting caused by centrifugal force
(b)      artificially generated electric current, including electric arcing, that disturbs electrical devices, appliances or wires;…

3

**(3)** The following Coverage Extensions are added as respects Equipment Breakdown:

    **(g)** **Computer Equipment**

        "Computer equipment" means Covered Property that is electronic computer or other data processing equipment, including peripherals used in conjunction with such equipment, and "electronic medical and records."

        We will pay for loss, damage or expense caused by or resulting from an "accident" to "computer equipment."

    **(h)** **Data Restoration**

        We will pay for your reasonable and necessary cost to research, replace and restore the lost information on "electronic media and records."

        The most we will pay for loss, damage or expense under this coverage, including actual loss of Business Income you sustain and necessary Extra Expense you incur, is $10,000.00

**(4)** The following **EXCLUSIONS** are added as respects this Additional Coverage Equipment Breakdown:

    **(b)** We will not pay under this Additional Coverage Equipment Breakdown for loss, damage or expense caused by or resulting from:

        **(ii)** any defect, programming error, programming limitation, computer virus, malicious code, loss of "electronic media and records," loss of access, loss of use, loss of functionality or other condition within or involving "electronic media and records" of any kind.  But if an "accident" results, we will pay for the resulting loss, damage or expense; or…

Section **6. Coverage Extensions,** includes the following:

In addition to the Limits of Insurance of **SECTION I – PROPERTY,** you may extend the insurance provided by this policy as provided below.

4

Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations or in the open (or in a vehicle) within 1,000 feet of the described premises, unless a higher Limit of Insurance is shown in the Declarations.

6.      **Coverage Extensions**

      e.      **Valuable Papers and Records**

            **(1)**     You may extend the insurance that applies to Business Personal Property to apply to direct physical loss or damage to "valuable papers and records" that you own, or that are in your care, custody or control caused by or resulting from a Covered Cause of Loss. This Coverage Extension includes the cost to research, replace or restore the lost information on "valuable papers and records" for which duplicates do not exist.  If loss or damage is caused by an "accident," coverage will be provided under Additional Coverage – Equipment Breakdown.

            **(2)**     This Coverage Extension does not apply to:
                **(a)** Property held as samples or for delivery after sale;
                **(b)** Property in storage away from the premises shown in the Declarations.

            **(3)**     The most we will pay under this Coverage Extension for loss or damage to "valuable papers and records" in any one occurrence at the described premises is $10,000, unless a higher Limit of Insurance for "valuable papers and records" is shown in the Declarations.   For "valuable papers and records" not at the described premises the most we will pay is $5,000.

            **(4)**     Paragraph **B. Exclusions** in **SECTION I – PROPERTY**, does not apply to this Coverage Extension, except for:
                **(a)** Paragraph **B.1.c.,** Governmental Action;
                **(b)** Paragraph **B.1.d.,** Nuclear Hazard;
                **(c)** Paragraph **B.1.f.,** War and Military action;
                **(d)** Paragraph **B.2.f.,** Dishonesty;
                **(e)** Paragraph **B.2.g.,** False Pretense; and
                **(f)** Paragraph **B.3.**

                          ****

      g.      **Computer Equipment and Software**

You may extend the insurance that applies to Business Personal Property to apply to:

**(1)** Your computer equipment used to maintain or service your building (such as heating, ventilating, or cooling or alarm systems), facsimile machines, telephone systems, switchboards, word processors, photocopiers, printers, laptop and portable computers, related surge protection devices and their component parts and peripherals (including related wiring between equipment) and similar property of others in your care, custody or control for which you may be legally liable; and

**(2)** Software meaning your data stored on disks, films, tapes or similar electronic data processing media; the media itself, computer programs and instructions; and similar property of others in your care, custody or control for which you may be legally liable;

**(5)** Additional EXCLUSIONS – The following exclusions apply in addition to the Exclusions and Limitations found in this coverage Form as respects this coverage extension:

We will not pay for loss caused by or resulting from any of the following:

**(a)** Programming errors or faulty machine instructions, including but not limited to, the inability of Computer Equipment or software to correctly recognize, process, distinguish, interpret or accept one or more dates or times.  However, this Exclusion does not apply to the acts of a computer hacker or malicious introduction of a computer virus.

****

**9.**

**FACTS**

9A.     PAM incorporates by reference Paragraphs 1-8 above as if fully stated herein.

9B.     On December 15, 2014, computer hard drives owned by PAM and used in the operation of its business incurred direct physical damage from artificially generated electrical currents.

6

9C.   The hard drives were physically damaged and certain data was unrecoverable.

9D.   PAM incurred losses from the event including but not limited to the loss of irretrievable data, financial losses arising from the loss of the data, and equipment losses.

9E.   The equipment breakdown coverage in the policy issued by Liberty Mutual covers losses arising from artificially generated electrical currents if direct physical damage occurs from the event.

9E.   PAM properly submitted a claim to LM for all available coverage due under the policy available for the December 15, 2014 event.

9F.   On March 26, 2015, Susie Kijak, a Property Adjuster II for LM, sent a letter to PAM as notification of LM's conclusion that "there is no coverage available for the loss".

9G.   In the March 26, 2015 letter, Ms. Kijak of LM stated the following as "grounds under which all aspects of the claim are not covered under the policy" as follows:

> Neither an electrical or mechanical breakdown has caused direct physical damage to hardware; therefore an equipment breakdown loss did not occur.

> No evidence exists to confirm that loss or damage has been caused by a covered cause of loss.

9H.   In the March 26, 2015 letter, Ms. Kijak points to the report of PT&C/LWG, a consultant LM retained concerning the claim.

9I.   A true and correct copy of the denial letter referenced in Paragraphs 9F and 9G is attached to this Complaint as Exhibit "B".

9J.   In the March 26, 2015 letter LM stated since no coverage existed for the reasons stated in Paragraph 9G of this Complaint, LM chose to "make no comment relative to the amount of loss or damage".

7

9K.     After the denial of coverage, PAM conducted its own investigation and, in part, hired Forensic Strategy Services, LLC to review the damaged hard drives previously reviewed by LM's designees.

9L.     Scott Moulton of Forensic Strategy Services, LLC provided PAM a report after its investigation ("The Moulton Report").  PAM forwarded the report to LM.

9M.     A true and correct copy of the Moulton Report is attached to this Complaint as Exhibit "C".

9N.     The Moulton report provided the premises and reasoned analysis for its conclusion that physical damage existed as the result of a direct loss rather than "wear and tear".

9O.     The Moulton Report pointed to flaws in the premises supporting LM's conclusion that the claimed loss was not a covered loss and requested LM to produce the following to support LM's denial of coverage – "the "forensic image files" or the "forensic image clone" of the drives and images they made during their forensic testing included in [the] reports [of LM's consultant PT&C/LWG]".  LM did not produce the requested items.

9P.     On August 19, 2015 Ms. Kijiak of LM responded to PAM's provision of the Moulton Report stating LM's "position remains unchanged with respect to the equipment breakdown" but stated the intention to "request that coverage for the claim be reviewed under the all-risk coverages of the form" and did not provide the items requested in Paragraph 9O of this Complaint.  In the same letter, LM stated the Moulton Report "did not provide any new information that would change our coverage position" and curiously stated "it appears that Mr. Moulton agrees with [the LM consultant's] previous conclusion".

9Q.     A true and correct copy of the August 19, 2015 letter from LM is attached to this Complaint as Exhibit "D".

8

9R.     On October 15, 2015 LM changed its original position and paid $22,781.30 solely on a claim for data recovery under the policy's 44-115 (6/04) Commercial Protector Coverage form located under "6. Coverage Extensions e. Valuable Papers and Records extended by an Endorsement at "44-91 (6/04) Physicians and Dentists Office Coverages Extensions Endorsement to $25,000.00 in coverage (with a $500.00 deductible).

9S.     On January 25, 2016 PAM, through counsel, provided a calculation of the claimed loss of income (arising from the equipment breakdown that began on December 14, 2014) due according to the policy terms.

9T.     LM responded to the January 25, 2016 letter on January 28, 2016 that no applicable coverage exists under the policy because the coverage only applies to a "covered cause of loss which [LM] concluded there wasn't" and stated "[t]here is no new technical detail or facts that would change our conclusion".

9U.     A true and correct copy of the January 28, 2016 letter from LM is attached to this Complaint as Exhibit "E".

9V.     The attached insurance policy was in full force and effect on December 15, 2014.

## **GROUNDS FOR DECLARATORY JUDGMENT**

### **10.**

10A.    PAM incorporates by reference Paragraphs 1-9 above as if fully stated herein.

10B.    A dispute exists between PAM and LM as to whether or not a certain type of coverage exists for an event.

10C.    PAM contends the event is an insurable event such that LM should pay certain coverage.

10D.   LM contends the event was/is, in part, not an insurable event and has denied certain coverage.

10E.   PAM seeks a determination by this Honorable Court to resolve the dispute between PAM and LM.

10F.   PAM performed all obligations required of it under the insurance policy contract. LM has breached the contract for insurance between LM and PAM and PAM has suffered damages.

10G.   An actual controversy exists between PAM and LM.  By the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as it deems appropriate, necessary, and proper.

## BAD FAITH CLAIM

### 11.

11A.   PAM incorporates by reference Paragraphs 1-10 above as if fully stated herein.

11B.   PAM contends the policy of insurance provides coverage that has become due and payable.

11C.   PAM has made a formal demand for payment and informed LM of its intention to assert a bad faith claim.  PAM provided LM a copy of a draft of this Complaint; the draft demonstrated the gravamen of this Complaint.

11D.   After making the formal demand for coverage as described in this Complaint, and providing a draft of this Complaint PAM waited greater than 60 days before filing this cause of action.

11E.   LM has enjoyed ample time to investigate the claim.

10

11F.    LM has not paid the claim based on its self-serving and illogical conclusion that the event resulting in the claim loss is due to "wear and tear".

11G.    PAM had to finance and seek independent professional consultation concerning its right to coverage.   Despite PAM's provision of proof that the coverage should be paid, LM has not provided a reasonable or logical explanation for its refusal to pay; LM concluded the Moulton Report agrees with the report obtained by LM.

11H.    The actions described herein constitute statutory bad faith entitling PAM to the maximum statutory penalty allowed by T.C.A. § 56-7-105.

11I.    Despite PAM's compliance with claim procedures and despite PAM's provision of professional information to support its argument for coverage, LM has not provided a reasonable explanation for its refusal to pay full coverage.

11J.    LM has paid partial coverage in a piecemeal fashion demonstrating intentional delay in the performance of its duty under the policy.

11K.    PAM through the report of its consultant Scott Moulton, requested more information about LM's investigation but LM did not provide the information.

11L.    Upon reviewing the Moulton Report, LM, in continued delay of its duty under the policy, inanely re-denied coverage and concluded that Mr. Moulton's report agrees with the report of LM's consultant.

Therefore, Plaintiff, PAM, requests this Honorable Court to declare and adjudge the controversy described herein as follows:

A.      Declare that LM has a duty to provide the coverage requested by PAM in this cause of action;

B.     A judgment in the amount of the coverage withheld by LM with interest on the amount as provided by law from March 25, 2015;

C.     A statutory penalty of 25% of the coverage amount;

D.     Extra-contractual damages including reasonable attorney fees required to prosecute this action for losses flowing from LM's conduct;

E.     An Order for a speedy hearing if this Honorable Court deems it appropriate;

F.     Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs;

G.     A jury to consider this cause of action.

Respectfully submitted,

**McNABB, BRAGORGOS & BURGESS, PLLC**

*s/ Pam Warnock Blair*
PAM WARNOCK BLAIR #10407
Attorney for Plaintiff
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
pblair@mbb-law.com

12