```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|                                    |   |                        |
|------------------------------------|---|------------------------|
| PERIODONTAL ASSOCIATES OF MEMPHIS, P.C., | ) ) ) ) |                  |
| Plaintiff,                         | ) ) |                        |
| v.                                 | ) ) ) | No. 16-cv-2751-SHM-tmp |
| PEERLESS INDEMNITY INSURANCE COMPANY, | ) ) ) ) |                   |
| Defendant.                         | ) ) |                        |

## ORDER

Before the Court are three motions. The first is Defendant Peerless Indemnity Insurance Company's ("Peerless") Motion to Bifurcate Claims and Stay Discovery with Respect to Plaintiff's Claim for Bad Faith, filed on February 28, 2017. (ECF No. 22.) Plaintiff Periodontal Associates of Memphis, P.C. ("Periodontal") filed a response in opposition on March 14, 2017. (ECF No. 24.)

The second motion is Plaintiff's Motion to Amend Plaintiff's Amended Complaint, filed on March 23, 2017. (ECF No. 25.) Defendant filed its response in opposition on April 6, 2017. (ECF No. 26.)

The third motion is Plaintiff's First Motion to Extend Scheduling Order Deadline and Motion to Amend Plaintiff's Amended Complaint to Restore Liberty Mutual as a Party, filed April 13, 2017. (ECF No. 27.) Defendant filed a response in opposition on April 26, 2017. (ECF No. 28.)

For the reasons below, Defendant's Motion to Bifurcate Claims and Stay Discovery with Respect to Plaintiff's Claim for Bad Faith (ECF No. 22) is GRANTED in part and DENIED in part; Plaintiff's Motion to Amend Plaintiff's Amended Complaint (ECF No. 25) is GRANTED; and Plaintiff's First Motion to Extend Scheduling Order Deadline and Motion to Amend Plaintiff's Amended Complaint to Restore Liberty Mutual as a Party (ECF No. 27) is RESERVED pending filing of Plaintiff's proposed amendment.

**I.  Background**

This action arises from a commercial insurance coverage dispute between Plaintiff and Defendant. (See Amend. Compl., ECF No. 8; Order, ECF No. 23.) Plaintiff seeks to recover damages for losses it incurred to its computer hard drives in December 2014 under Policy No. BOP8552307 (the "Policy"), effective from November 19, 2014 to November 19, 2015. (ECF No. 8 ¶¶ 7, 9B.) Plaintiff alleges that the Policy covers direct, accidental physical damage to the equipment. (Id. ¶¶

9E-9E[1].)  Defendant denies Plaintiff's claim.  It has concluded that the damage was attributable to normal wear and tear or degradation, which is not covered by the Policy.  (Id. ¶¶ 9F-9G,9T.)  Both parties have retained experts who have inspected the hard drives at issue and reached different conclusions about whether the hard drives sustained direct physical damage. (Id. ¶¶ 9K-9L, 9O.)  Defendant continues to deny that the claim is covered.  (Id. ¶¶ 9S-9V.)

Plaintiff originally brought suit against Liberty Mutual Group d/b/a/ Liberty Mutual Insurance Company ("Liberty Mutual") on September 20, 2016.  (ECF No. 1.)  Plaintiff amended its Complaint as of right on October 25, 2016, to include a punitive damage claim.  (ECF No. 8.)

The Court held a scheduling conference on February 13, 2017 (Min. Entry, ECF No. 18) and entered a Scheduling Order the next day (ECF No. 20).  The Scheduling Order establishes the following pertinent deadlines:

    **JOINING PARTIES:**    for Plaintiff: March 13, 2017
                                  for Defendant: March 27, 2017
    **AMENDING PLEADINGS:** for Plaintiff: April 3, 2017
                                  for Defendant: April 17, 2017

---

[1]    The Complaint labels two paragraphs "9E."  (ECF No. 8 at 126.)

3

(Id. at 190.)[2]

On February 28, 2017, Liberty Mutual filed an Unopposed Motion to Substitute Named Defendant. (ECF No. 21.) Liberty Mutual represented that Plaintiff had agreed that Peerless should be substituted as the defendant in this action and that Liberty Mutual should be dismissed without prejudice. (Id. at 193.) The Court granted the unopposed motion on March 1, 2017. (ECF No. 23.)

Also on February 28, 2017, Peerless filed a Motion to Bifurcate Claims and Stay Discovery with Respect to Plaintiff's Claim for Bad Faith. (ECF No. 196.) Plaintiff opposed bifurcation and stay on March 14, 2017. (ECF No. 24.)

On March 23, 2017, Plaintiff filed a Motion to Amend Plaintiff's Amended Complaint. (ECF No. 25.) Defendant opposed the amendment on April 6, 2017. (ECF No. 26.)

On April 13, 2017, Plaintiff filed a First Motion to Extend Scheduling Order Deadline and Motion to Amend Plaintiff's Amended Complaint to Restore Liberty Mutual as a Party. (ECF No. 27.) Defendant opposed the amendment and extension on April 26, 2017. (ECF No. 28.)

---

[2] Unless otherwise noted, all in-cite page numbers refer to the PageID numbers.

4

On August 21, 2017, Defendant filed a Motion for Partial Summary Judgment on the issue of coverage. (ECF No. 41.)

## II. Jurisdiction & Choice Of Law

### A. Jurisdiction

This Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a professional corporation organized under Tennessee, with its principal place of business in Tennessee. (Am. Compl., ECF No. 8 ¶ 2.) For purposes of the diversity jurisdiction a professional corporation is treated like any other corporation. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 739 (7th Cir. 2004). Peerless is an Illinois corporation, with its principal place of business in Massachusetts. (Answer, ECF No. 10 ¶ 3.) Liberty Mutual is a Massachusetts corporation, with its principal place of business in Massachusetts. (Id. ¶ 3.) There is complete diversity. Cf. 28 U.S.C. § 1332(a)(1).

Plaintiff alleges that the amount in controversy exceeds $75,000. (Id. at 8.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Mass. Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996). The requirements of diversity jurisdiction are satisfied.

B.  **Choice of Law**

A motion for bifurcation is a matter of federal procedure to which federal law applies. The parties' underlying dispute is based in contract. In diversity actions, state substantive law governs. See, e.g., Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). A federal court applies the choice-of-law provisions of the state in which it sits. Id.; Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998) ("It is well-established that federal courts sitting in diversity must apply the choice-of-law rules of the forum state.") (citing cases). Plaintiff invokes Tennessee insurance law. (See, e.g., Compl., ECF No. 1-1 ¶¶ 37, 40, 43, 46.) Tennessee follows the rule of lex loci contractus, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent. Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)). The Policy was executed in Tennessee. Neither Peerless nor Liberty Mutual challenges the application of Tennessee law. The Court will apply Tennessee substantive law.

**III. Analysis**

   **A. Defendant's Motion to Bifurcate Claims and Stay Discovery on Plaintiff's Claim for Bad Faith (ECF No. 22)**

Defendant asks the Court to bifurcate Plaintiff's claim for declaratory judgment on coverage and Plaintiff's claim of bad faith under Tenn. Code Ann. § 56-7-105. (ECF No. 22 at 196.) Defendant asks the Court to stay discovery on Plaintiff's bad faith claim until after judgment on the coverage issue. (Id.) Plaintiff argues against bifurcation because there would be "a large overlap of evidence and discovery in both the coverage and bad faith issues" and because Defendant has failed to demonstrate actual prejudice. (ECF No. 24 at 213.)

A court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b); Wilson v. Morgan, 477 F.3d 326, 339 (6th Cir. 2007). The decision to bifurcate is within the discretion of the trial court. Smith v. Allstate Ins. Co., 403 F.3d 401, 407 (6th Cir. 2005). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" Id. (quoting Martin v. Heideman, 106 F.3d 1308, 1311 (6th Cir.

1997)); Farmers Bank of Lynchburg, Tennessee v. BancInsure, Inc., No. 2:10-CV-02222-DKV, 2011 WL 2023301, at *2 (W.D. Tenn. May 20, 2011)(finding convenience, prejudice, and economy supported bifurcation of coverage and bad faith claims in insurance policy action). A decision on bifurcation should be grounded in the facts and circumstances of each case. See Saxio v. Titan-C-Mtg, Inc., 86 F.3d 553, 556 (6th Cir. 1996).

Unless precluded by law, courts bifurcate issues for separate trials when the issue first tried would be dispositive of the litigation. In re Bendectin Litig., 857 F.2d 290, 309, 317 (6th Cir. 1988). Where the bad faith claim depends on resolution of the underlying coverage dispute, a court may resolve the coverage question before allowing the bad faith claim to proceed. See Smith, 403 F.3d at 408 (finding no abuse of discretion where district court bifurcated and stayed discovery of contract claim where plaintiffs claimed the insurance company breached the contract by not paying the claims in full and denied the insurance claims in bad faith). The decision to stay discovery on a bad faith claim while the underlying coverage claim is pending is also within the discretion of the trial court. See id.

Convenience, prejudice, and judicial economy support bifurcation of Plaintiff's coverage and bad faith claims for trial, but not for discovery.

1.  **Convenience**

Coverage is a question of law, and bad faith is a question of fact. Clark v. Sputniks, LLC, 368 S.W.3d 431, 441 (Tenn. 2012) ("The question of the extent of insurance coverage is a question of law involving the interpretation of contractual language. . . ."); Johnson v. Tennessee Farms Mut. Ins. Co., 205 S.W.3d 365, 371 (Tenn. 2006) ("The question of an insurance company's bad faith is for the jury if from all of the evidence it appears that there is a reasonable basis for disagreement among reasonable minds as to the bad faith of the insurance company in the handling of the claim."). Coverage is a predicate to a finding of bad faith. Johnson, 205 S.W.3d at 370. Because resolution of the coverage claim is dispositive of Plaintiff's entire claim, it is more convenient to decide the coverage claim before the bad faith claim. It is also appropriate that the Court decide the dispositive legal question of coverage before the jury assesses the factual question of bad faith. Bifurcation of Plaintiff's claims for trial is appropriate.

Plaintiff contends that bifurcation of discovery would duplicate discovery efforts. Although Defendant has not asked the Court to bifurcate discovery, its request to stay discovery on Plaintiff's claim of bad faith effectively bifurcates discovery. Plaintiff concedes that "[a] detailed analysis of the expert opinions is necessary to determine coverage," but an analysis of "Liberty Mutual's shallow use [of] its technical report and cavalier dismissal of [Plaintiff's] inquiry for reconsideration of coverage" is necessary to determine bad faith. (ECF No. 24 at 213.) In other words, "[t]he coverage dispute would most likely focus on the terms of the [insurance policy] while the bad faith claims would depend on the parties' motives." BancInsure, Inc., 2011 WL 2023301, at *2. The overlapping evidence between the two claims, Plaintiff argues, includes experts and expert reports.

The Court is persuaded that bifurcation of Plaintiff's discovery for its bad faith and coverage claims would be inefficient and inconvenient. Discovery used to establish coverage may also be used to assess bad faith.

If there is no insurance coverage, bifurcation of trial would save the parties the time and expense of a trial on the bad faith claim. Convenience favors bifurcation of the claims for trial, but not for discovery.

## 2. Prejudice

Plaintiff argues that Defendant has failed to establish actual prejudice in the absence of bifurcation and a stay of discovery. (Id.) Actual prejudice is not a prerequisite to bifurcation, but one of several factors to be considered. See Wilson, 477 F.3d at 329. Without much explanation, Defendant argues that trying the coverage and bad faith issues together would result in prejudice. (ECF No. 22-1 at 204-05 (citing BancInsure, Inc., 2011 WL 2023301, at *2; G Equip. Co. v. AIG Life Ins. Co., No. 07-CV-0556-CVE-PJC, 2009 WL 236019, at *2 (N.D. Okla. Jan. 29, 2009); General Star Indem. Co. v. Anheuser-Busch Cos., 741 So. 2d 1259, 1261 (Fla. Dist. Ct. App. 1999).)

Plaintiff's conflation of bad faith and coverage support bifurcation of the claims for trial. Plaintiff argues that it "cannot prove its position without telling its side of why Liberty Mutual denied coverage pointing to the flaws in the claim process." (ECF No. 24 at 214.) Plaintiff raises the issue of Defendant's motive for denying its claim and expert report. (See, e.g., id. at 210 ("[Defendant's] dismissive conclusion that Moulton's lengthy report agreed with Fegan's report indicates [Defendant's] intentional lack of meaningful investigation of [Plaintiff's] claim and an

11

unreasonable/shallow refusal to pay coverage. . . . [Defendant's] re-denial of the coverage without further investigation, without properly addressing [Plaintiff's] reasonable challenges, and without providing requested information was bad faith, dismissive, cavalier, and self-serving.").) Proving coverage does not require assessing Defendant's motive. That inquiry is appropriate to determine bad faith.

Bad faith evidence would be improper to determine coverage and would create prejudice. Bifurcation makes prejudice and jury confusion less likely.

Prejudice favors bifurcation of the coverage and bad faith claims for trial.

### 3. Judicial Economy

Considerations of judicial economy favor resolving the issue of coverage first because it can dispose of the entire litigation. Here, the issue of insurance coverage must be resolved before the question of bad faith. Tennessee's insurance bad faith statute provides a penalty, not to exceed 25% of the liability for the loss, when an insurer's refusal to pay the loss was not in good faith. Tenn. Code Ann. § 56-7-105(a). To state a bad faith claim, a plaintiff must show: (1)

the policy of insurance must, by its terms, have become due and payable; (2) a formal demand for payment has been made; (3) the insured waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days); and (4) the refusal to pay was not made in good faith. Patterson v. Shelter Mut. Ins. Co., No. M201401675COAR9CV, 2015 WL 5320231, at *7 (Tenn. Ct. App. Sept. 11, 2015), appeal denied (Jan. 20, 2016). A court must find that there is coverage before a plaintiff can pursue a bad faith claim against an insurance company. It is more efficient to decide the threshold issue of coverage. The other bad faith elements can be considered if there is coverage. It is also economical for the Court decides the dispositive legal question of coverage before the jury assesses the factual question of bad faith.

Judicial economy favors bifurcation of the coverage and bad faith claims for trial.

For the above reasons, the coverage claim and bad faith claims are bifurcated for trial, but not for discovery. Because discovery is not bifurcated, the Court need not stay discovery on the bad faith claim. The Court GRANTS in part and DENIES in part Defendant's Motion to Bifurcate Claims and Stay Discovery with Respect to Plaintiff's Claim for Bad Faith (ECF

No. 22). The Motion to Bifurcate Claims is GRANTED. The Motion to Stay Discovery is DENIED.

### B. Plaintiff's Motion to Amend Plaintiff's Amended Complaint (ECF No. 25)

Plaintiff seeks to amend the Amended Complaint by adding the following allegation:

> 11N: Beyond the denial of [Plaintiff's] coverage alleged herein, [Defendant] has committed a pattern of unfairness in claim handling practices; more particularly in the unreasonable denial of equipment breakdown claims (and other coverage) in analogous cases on the same bad faith basis as the instant claim.

(ECF No. 25 at 220.)[3]

Defendant argues that the amendment "should be denied because the proposed amendment serves no legitimate purpose, is being sought following unexplained delay, and appears to be motivated by Plaintiff's desire to improperly expand the scope of discovery to include information on other insurance claims." (ECF No. 26 at 243.)

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely granted when justice requires. Leave should be granted under Rule 15(a) unless

---

[3] The only defendant named in Plaintiff's proposed Second Amended Complaint is Liberty Mutual. (See ECF No. 25-1.) The Court has substituted Peerless for Liberty Mutual and dismissed Liberty Mutual without prejudice at the parties' request. (ECF No. 23.) Plaintiff's references to Liberty Mutual in the proposed amendment are construed to refer to Peerless.

there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant's arguments on purpose, unexplained delay, and motive are unpersuasive. First, the purpose of Plaintiff's amendment is to further support its bad faith claim. Second, delay alone does not justify denial of a motion brought under Rule 15(a). Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc., 64 F.3d 1001, 1009 (6th Cir. 1995). A party opposing an amendment based on delay must make "some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986). Defendant does not argue that the delay here has significantly prejudiced it. Plaintiff's "unexplained delay" does not justify denial under Rule 15(a). Third, Defendant fails to establish that Plaintiff has a dilatory motive to "improperly expand the scope of discovery to include information on other insurance claims."

Plaintiff's Motion to Amend Plaintiff's Amended Complaint (ECF No. 25) is GRANTED.

### C. Plaintiff's First Motion to Extend Scheduling Order Deadline and Motion to Amend Plaintiff's Amended Complaint to Restore Liberty Mutual as a Party (ECF No. 27)

After the Rule 16 deadline to amend has passed, litigants "must first show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will consider whether amendment is proper under Rule 15(a)." Commerce Benefits Grp., Inc. v. McKesson Corp., 326 F. App'x 369, 376 (6th Cir. 2009); Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003); Fed. R. Civ. P. 16(b)(4)(modification to the scheduling order is available "only for good cause and with the judge's consent."). This requires the movant to establish that "despite their diligence they could not meet the original deadline." Leary, 349 F.3d at 907. The decision to grant leave for modification of the scheduling order under Rule 16(b) is within the district court's discretion. Id. at 909. "The district court also is required to evaluate prejudice to the opponent before modifying the scheduling order." Id.

To determine whether leave to amend is appropriate, the district court "must have before it the substance of the

proposed amendment." Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002).

Plaintiff has established good cause to amend the case scheduling order to permit Plaintiff to amend the complaint to include Liberty Mutual. Plaintiff brought this action against Liberty Mutual. Opposing counsel then represented that Plaintiff had named the incorrect party and that Peerless was the correct and sole defendant. On that basis, Plaintiff agreed to substitute Liberty Mutual for Peerless. Plaintiff now seeks leave to "restore Liberty Mutual" as a defendant.

Defendant contends that it and Liberty Mutual would be prejudiced by Plaintiff's amendment in conjunction with Plaintiff's "parallel attempt to expand its bad faith allegations to include other claims by other policyholders. . . ." (ECF No. 28 at 444.) Additional discovery alone does not constitute prejudice for purposes of deciding whether the Court should permit amendment. See Janikowski v. Bendix Corp., 823 F.2d 945, 952 (6th Cir. 1987) (concluding that the burden of additional discovery was not by itself sufficient to constitute undue prejudice). Any prejudice may be mitigated by adjusting the discovery schedule.

Plaintiff has failed to include a proposed amended complaint. It is unclear from Plaintiff's motion whether it

seeks to add Liberty Mutual as a defendant or to substitute Liberty Mutual for Peerless.  Absent a proposed amended complaint or a detailed description of the amendment sought, Plaintiff has failed to provide the Court with "the substance of the proposed amendment."  The Court cannot grant an ambiguous amendment.  Plaintiff must file its proposed amendment by September 28, 2017.

The Court reserves its determination on Plaintiff's First Motion to Extend Scheduling Order Deadline and Motion to Amend Plaintiff's Amended Complaint to Restore Liberty Mutual until the proposed amendment has been filed.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Bifurcate Claims and Stay Discovery with Respect to Plaintiff's Claim for Bad Faith (ECF No. 22) is GRANTED in part and DENIED in part; Plaintiff's Motion to Amend Plaintiff's Amended Complaint (ECF No. 25) is GRANTED; and Plaintiff's First Motion to Extend Scheduling Order Deadline and Motion to Amend Plaintiff's Amended Complaint to Restore Liberty Mutual as a Party (ECF No. 27) is RESERVED pending filing of Plaintiff's proposed amendment.

So ordered this 18th day of September, 2017.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT COURT JUDGE